FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

98 JUL 20 AM 9:13

SIGN _____
RICHARD T. MARTIN
CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| ADVOCACY CENTER | * | CIVIL ACTION NO. 98-646 |
|---|---|---|
| PLAINTIFF | * | |
| | * | SECTION __A__ |
| VS. | * | |
| | * | JUDGE Parker |
| RICHARD STALDER, SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS AND KELLY WARD, WARDEN OF THE DAVID WADE CORRECTIONAL CENTER | * | |
| DEFENDANTS | * | MAGISTRATE JUDGE __3__ |

## COMPLAINT

### I. INTRODUCTION

1.  Plaintiff is the designated protection and advocacy system for individuals with mental illness in the state of Louisiana, pursuant to the Protection and Advocacy for Individuals with Mental Illness Act (hereinafter "PAIMI Act"), 42 U.S.C. §10801, *et seq*. Defendant has denied Plaintiff access to the medical and mental health records of an inmate with a serious mental illness, who has given his written consent to their disclosure. Plaintiff brings this action pursuant to 42 U.S.C. §1983 to enforce its authority under the PAIMI Act to obtain access to the inmate's records.

### II. JURISDICTION

2.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 (3) and (4). Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.



3:98-cv-00646 1 - 1
DATE: 07/20/98    DEPUTY CLERK: BP

CJVP

Case 3:98-cv-00646-JVP   Document 1   07/20/98   Page 2 of 5

## III. PARTIES

3. Plaintiff Advocacy Center is a non-profit corporation designated as an "eligible system" as those terms are used and defined in §10802 (2) of the PAIMI Act. Plaintiff provides protection and advocacy to people with mental illness. Under the PAIMI Act, Plaintiff has broad access rights to Defendants' inmates and facility records for the purpose of monitoring facility conditions and providing protection and advocacy services to specific inmates.

4. Defendant Richard Stalder is Secretary of the Louisiana Department of Public Safety and Corrections (hereinafter the "Department"). He is responsible for the policies of the Department, and for the administration, control, and operation of the functions, programs, and affairs of the Department, pursuant to La. R. S. §36:403. He is sued in his official capacity.

5. Defendant Kelly Ward is Warden of the David Wade Correctional Center. He is responsible for the operation and administration of the correctional center. He is sued in his official capacity.

6. David Wade Correctional Center is a "facility" as that term is used and defined in §10802 (3) of the PAIMI Act.

7. In connection with all actions and omissions alleged herein, Defendants were acting under color of state law.

## FACTS

8. In January, 1998, Plaintiff was contacted by William Ford, an inmate of David Wade Correctional Center. This inmate has a history of serious mental illness for which he has received treatment, including medication. The inmate contacted Plaintiff stating that he had been taken off all of his medication by a new physician at Wade Correctional Center. He believed that medication was necessary to control his symptoms and that as a result of its discontinuance, his condition was deteriorating. He asked the Advocacy Center to assist him in getting appropriate medical treatment.

9.  On February 13, 1998, the Advocacy Center sent a request to Wade Correctional Center requesting the inmate's medical and mental health records pertaining to his mental illness. Attached to the request was a consent to disclosure of medical record and waiver of confidentiality form executed by the inmate. A second request was sent to Wade Correctional Center on or about March 9, 1998.

10. In response to the Advocacy Center's request, Defendant Ward advised the Advocacy Center that the inmate's records would only be released to the courts through subpoena.

11. By letter dated April 14, 1998, the Advocacy Center notified the Department's attorney, Roxie Goynes-Clark, that Wade Correctional Center had denied the Advocacy Center access to an inmate's records. Attorney Goynes-Clark was provided with a copy of the PAIMI Act.

12. After receiving no response from the Defendants, the Advocacy Center's attorney, Karen J. King spoke with Attorney Goynes-Clark on June 17, 1998. Defendants were again informed of the provisions of the PAIMI Act authorizing the Advocacy Center's access to an inmate's records. Attorney Goynes-Clark stated that she would notify the Advocacy Center of Defendants' decision regarding the release of the requested records by June 18, 1998. No response has been received.

13. Defendants have failed and refused to grant the Advocacy Center records access pursuant to the PAIMI Act.

14. As a result of Defendants' failure to provide the Advocacy Center access to records, Plaintiff has been unable to fulfill its mandate under the PAIMI Act. Without a review of the inmate's records, no determination can be made regarding his need for assistance, and therefore, no assistance can be provided.

15. In order to enforce its right under the PAIMI Act to access a mentally ill individual's records, Plaintiff has had to expend its limited resources in bringing this

action, rather than providing the other protection and advocacy services that constitute its mission.

## CAUSE OF ACTION--§1983

16. Plaintiff realleges the matters set forth above in paragraphs 1 through 15.

17. Defendants' acts and omissions set forth above have violated 42 U.S.C. § 1983 by depriving Plaintiff of rights under the PAIMI Act, including, but not limited to, 42 U.S.C. §10805 (a) (4) (A).

18. Plaintiff is entitled to recover its attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that Defendants' failure to grant Plaintiff access to its inmate's records violates Plaintiff's rights under 42 U.S.C. §10805 (a) (4) (A) and 42 U.S.C. §1983;

(2) Declare that Defendants' failure to grant Plaintiff access to William Ford's records has violated his rights under 42 U.S.C. §10805 (a) (1) (B) and (a) (4) (A);

(3) Declare that Defendants have an obligation to assure that the access rights granted to Plaintiff by the PAIMI Act are fully and uniformly implemented at all of Defendants' facilities;

(4) Grant Plaintiff a temporary restraining order and preliminary and permanent injunctions requiring Defendants to immediately provide Plaintiff access to the requested records, as set forth in paragraph 9 of this complaint;

(5) Preliminarily and permanently enjoin Defendants from violating Plaintiff's rights under 42 U.S.C. § 1983 and the PAIMI Act;

(6) Waive the security requirement of Rule 65(c);

(7) Order Defendants to pay Plaintiff's reasonable attorneys' fees and costs; and

(8) Order any other and further relief, both legal and equitable, to which Plaintiff may be entitled.

Respectfully submitted:

*[signature]*

Nell Hahn, Bar No. 22406, T.A.
Advocacy Center
515 So. College Road, Suite 130
Lafayette, LA 70503
(318) 237-7380
(318) 237-0486 FAX