UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

FILED
U.S. DIST. COURT
MID??? ??? OF LA.

99 AUG 30 AM 10:02

RICHARD T. MARTIN
CLERK

| | | |
|---|---|---|
| ADVOCACY CENTER | * | CIVIL ACTION NO 98-646 |
| PLAINTIFF | * | |
| | * | SECTION A |
| VS. | * | |
| RICHARD STALDER, SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS AND KELLY WARD, WARDEN OF THE DAVID WADE CORRECTIONAL CENTER | * | JUDGE PARKER |
| DEFENDANTS | * | MAGISTRATE JUDGE DALBY |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND EXPENSES**

Plaintiff, Advocacy Center, moves for the determination of the amount of its attorneys fees, costs, and expenses in this action, and in support thereof would show the Court the following:

This action was brought pursuant to 42 U.S.C. §1983 to enforce the right of plaintiff, the designated protection and advocacy system for individuals with mental illness in the state of Louisiana, to access the mental health records of inmates under the Protection and Advocacy for Individuals with Mental Illness Act (hereinafter "PAIMI Act"), 42 U.S.C. §10801, *et seq.* Plaintiff sought the production of a particular inmate's mental health records by means of a temporary restraining order, then, after attempts to settle the matter were unsuccessful, moved for summary judgment. The relief sought on summary judgment was a



declaration of its rights of access to inmates' mental health records, and an injunction requiring that Defendants grant it access to such records in the future. Plaintiff's motion for summary judgment was granted, and judgment was entered declaring its right of access to inmates' records, and granting a permanent injunction.

Plaintiff, as the prevailing party in this action under 42 U.S.C. §1983, is entitled to an award of attorneys' fees, costs, and expenses. The judgment entered on August 16, 1998, in this action provides:

> "Defendant is further ordered to pay plaintiff its attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. §1988, in an amount to be determined in this action by the United States Magistrate."

Plaintiff has submitted declarations of its attorneys, Nell Hahn and Karen J. King, that detail the number of hours that they spent and the activities they performed in connection with the prosecution of this action. These time listings, which are based upon daily time records which were prepared contemporaneously with the work performed, exclude time spent in any activities other than attempting to obtain inmates' records, and injunctive and declaratory relief. Time spent on other matters, such as the evaluation of particular inmates' records once they were obtained, was excluded from the listing. The listings also reflect billing judgment, by discounting or eliminating some of the time that was actually spent by counsel.

Plaintiff has also submitted declarations by two attorneys who practice in the Middle District of Louisiana as to reasonable hourly rates for Ms. King's and Ms. Hahn's services. James Brady, a partner with the Lafayette firm of Borne, Wilkes, and Brady, states that attorneys in this geographic area with fifteen to twenty years of experience, who specialize

in particular areas of law, command fees in the range of $150 to $220 per hour. Specialists with an amount of experience comparable to that of Ms. King charge at least $125 per hour for their services. June Denlinger, a partner in the Baton Rouge firm of Nordyke and Denlinger, declared that prevailing rates for attorneys who handle litigation under 42 U.S.C. §1983 in the Baton Rouge area range from $150 to $200.

The method of calculating an attorneys' fee award is well established. The court calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by a reasonable hourly rate. The court then considers whether the lodestar figure should be adjusted by reviewing the twelve factors established in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974), though it must be mindful of the fact that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. See <u>Heidtman v. County of El Paso</u>, 171 F.3d 1038, 1043 (5th Cir., 1999); <u>Jason D.W. v. Houston Independent School District</u>, 158 F.3d 205, 208 (5th Cir., 1998); <u>Migis v. Pearle Vision Inc.</u>, 135 F.3d 1041, 1047 (5th Cir., 1998).

Plaintiff submits that the time reflected in the listing attached to Ms. Hahn's declaration should be compensated at a rate of $165 per hour, and that the time reflected in the listing attached to Ms. King's declaration should be compensated at a rate of $125 per hour. Plaintiff was completely successful in this action. This was not an action for damages. The only relief sought was temporary and permanent injunctive relief, and a declaration of plaintiff's rights. The total number of hours sought reflects good billing judgment, and is not excessive given

the importance of the relief obtained. Plaintiff obtained all the relief sought, and did so efficiently in terms of both time and expenses.

The declarations of Ms. Denlinger and Mr. Brady establish that the hourly rates requested are well within the range of prevailing rates in this area. Further, an award for Ms. Hahn's services at the requested rate was affirmed by the Fifth Circuit six years ago. <u>Shipes v. Trinity Industries, Inc.</u>, 987 F.2d 311 (5th Cir.), <u>cert. denied</u>, 510 U.S. 991 (1993).

For the reasons enumerated above, plaintiff requests that it be awarded attorneys' fees in the amount of $13,458.75, expenses in the amount of $93.13, and all taxable costs.

                              Respectfully submitted,

                              */s/ Nell Hahn*

                              Nell Hahn, Bar No. 22406
                              Advocacy Center
                              515 S. College Road, Suite 130
                              Lafayette, LA 70503
                              (318) 237-7380
                              (318) 237-0486 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing Memorandum in Support of Plaintiff's Motion for Award of Attorneys' Fees and Expenses was served on Defendant by mailing a copy by U.S. mail, postage prepaid, on Roxie F. Goynes-Clark, Attorney for Defendants,

P.O. Box 94304, Capitol Station, Baton Rouge, LA 70804-9304, on the 27th _____ day of August, 1999.

_____
NELL HAHN